## PEOPLE *v.* MOORE

CRIMINAL LAW—INDECENT LIBERTIES—INCLUDED OFFENSES—ASSAULT
AND BATTERY—INSTRUCTIONS TO JURY.

> The trial court must charge the jury with the included offense
> of assault and battery in a prosecution for taking indecent
> liberties with a female child under 16 if defense counsel re-
> quests such a charge and there is evidence from which the
> jury could properly find the defendant guilty of the lesser of-
> fense (CLS 1961, § 750.336).

Appeal from Bay, Leon R. Dardas, J.   Submitted
Division 3 January 8, 1969, at Lansing.   (Docket
No. 5,262.)   Decided April 21, 1969.

James W. Moore was convicted of taking indecent
liberties with a female child under the age of 16.
Defendant appeals.   Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Martin B. Legatz,*
Prosecuting Attorney, for the people.

*James J. Carras,* for defendant.

BEFORE: QUINN, P. J., and McGREGOR and V. J.
BRENNAN, JJ.

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trials § 796 *et seq.*

PER CURIAM. Defendant was convicted of the crime of indecent liberties, CLS 1961, § 750.336 (Stat Ann 1954 Rev § 28.568) and sentenced to 3 to 10 years in prison. The statute, complaint and record encompass a possible finding of the included offense of assault and battery, yet the trial court refused a request to instruct the jury thereon. This was error necessitating reversal and remand for a new trial.

This holding obviates discussion of other alleged errors.

Reversed and remanded for new trial.